### HARRIS LYONS *v.* JACKSON.

Action for the price of certain articles of furniture, and answer that plaintiff had sold the furniture to a third person, from whom defendant has purchased it. Bills made out in the name of such third person, and receipts for notes given in payment by him as so much cash, were produced by defendant. Plaintiff having offered to in-troduce witnesses to prove that the sale was made to defendant, the latter objected to the admission of the evidence as contradicting the proof under the plaintiff's own hand ; and on the ground, that the petition did not aver that the sale was made for her use. *Held,* that the evidence was inadmissible ; and judgment of nonsuit.

APPEAL from the District Court of the First District, *Bucha-nan,* J.

*Greiner,* for the appellant.

*Van Dalson* and *Goold,* for the defendant.

MARTIN J. The plaintiff is appellant from a judgment of non-suit. He claimed the price of certain articles of furniture sold to the defendant. She pleaded the general issue. The case is be-fore us on a bill of exceptions taken by the plaintiff's counsel to the rejection of witnesses offered to prove the allegations in the petition, to wit : the sale of furniture by the plaintiff to the defend-ant, which was opposed on the ground that the furniture had been sold by the plaintiff to Shannon, as shown by the production of the bills of sale signed and receipted by plaintiff. It was admit-

ted that the signature of the plaintiff to the bills was genuine, and that the articles of furniture, embraced in those bills, were the same which had been attached by the plaintiff as the property of the defendant. The defendant contended :

*First.* That parol evidence could not be received to prove a sale to the defendant, contradicting the proof under plaintiff's handwriting of a sale to Shannon.

*Second.* That no averment was made of a sale to Shannon for the use, or on account of the defendant ; and that the defendant had consequently, no notice from the petition of any such claim. It does not appear to us that the Judge erred. On the merits, the defendant established her purchase of the furniture from Shannon, with the exception of a small article which she bought from the plaintiff, and for which she produced his receipt. It was admited that the notes of Shannon for the furniture which he purchased, were given in payment as so much cash.

*Judgment affirmed.*