# FALVY WILSON COMPANY, LIMITED, vs. EDMUND HUGHES.

## Syllabus.

The terms of a written instrument, clear and unambiguous upon its face and signed by the party sought to be charged, cannot be varied, explained or contradicted by parole evidence.

Appeal from the Civil District Court, Parish of Orleans, Division "D," No. 102,693. Hon. Porter Parker, Judge.

Edward Rightor, for plaintiff and appellee.
J. K. Bailey, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Defendant appeals from a judgment condemning him for the purchase price of certain mantels alleged to have been sold and delivered to him by plaintiff.

Plaintiff's objection was sustained to the admission of parole proof tendered by defendant for the purpose of showing that the goods were sold not to him, but to a third person, the evidence being objected to on the ground that the transaction is embodied in a writing, admittedly signed and accepted by defendant, and evidencing a sale to the latter.

The correctness of this ruling is the only matter presented on this appeal.

The document upon which plaintiff relies consists of its ordinary order or sales sheet upon which is entered in defendant's name, the character and quantity of the goods ordered as well as the price and terms upon which they were sold; and defendant's acceptance is exhibited

thereon over his own signature. As the document is clear and unambiguous, requiring no evidence to explain or support it, the lower Court properly rejected the parole testimony offered for the purpose of showing that the sale was made to a party other than defendant, for its effect would be to vary and contradict the terms of the written instrument.

> Lyons vs. Jackson, 4 Rob., 465; Center vs. Terry, 8 Martin, 206.

It is accordingly ordered that the judgment be affirmed.

Judgment affirmed.

Opinion and decree, January 26, 1914.